UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

RUDOLPH BETANCOURT,
    Plaintiff,
vs.

MELBOURNE SUITES, LLC d/b/a
MELBOURNE ALL SUITES,
    Defendant.

## **COMPLAINT**

Plaintiff, RUDOLPH BETANCOURT (hereinafter "Plaintiff"), by his undersigned, hereby files this Complaint and sues Defendant, MELBOURNE SUITES, LLC d/b/a MELBOURNE ALL SUITES INN (hereinafter "Defendant"), for injunctive relief pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181, *et seq*., (hereinafter the "A.D.A"), the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 (hereinafter the "ADAAG"), and the Florida Building Code.

### **JURISDICTION & VENUE**

**1.** This Court has original jurisdiction over the action pursuant to 28 U.S.C., §§1331 and 1343 for Plaintiff's claims arising under 42 U.S.C. § 12181. *et seq*., based upon Defendant's violations of Title III of the ADA (see also, 28 U.S.C. §§ 2201 and 2202).

**2.** The subject property is a hotel located on or about 4455 W. New Haven Ave. Melbourne, FL 32904 (hereinafter "Subject Premises").

**3.**     All events giving rise to this lawsuit occurred in the State of Florida. Venue is proper in this Court as the premises are located in the Southern District.

## PARTIES

**4.**     Plaintiff, RUDOLPH BETANCOURT, is currently a resident of Fenwick, Michigan in the County of Montcalm, is *sui juris*, and is a qualified individual under the ADA and the FACBC.

**5.**     Plaintiff is a double leg amputee who uses prosthetic devices or a wheelchair to ambulate, a Marine Corps veteran with several friends, family, and colleagues in throughout Florida including the Melbourne, Florida area which serves as a middle point between the Central Florida and South Florida areas were Plaintiff has both friends and family and enjoys the availability of several different attractions that are all less than a day's drive when staying in the central location of Melbourne, Florida during Plaintiff's travel. Additionally, Plaintiff enjoys the Florida weather and the multiple sporting events, festivals, and events that occur throughout Florida.

**6.**     Despite the physical limitations to which he is subjected as a result of his disability, Plaintiff continues to lead a full life, frequently travels, dines out, and is also an actively social and independent individual.

**7.**     Defendant, MELBOURNE SUITES, LLC, is a limited liability company which is authorized to and does transact business in the State of Florida and within this judicial district.

**8.** According to the Florida Department of Business and Professional Regulation, the Defendant, MELBOURNE SUITES, LLC, was given its Motel license on December 31, 2015 and occupies 4455 W. New Haven Ave. Melbourne, FL 32904 as a motel known as "MELBOURNE ALL SUITES".

**9.** The Subject Premises is owned and/or operated by the Defendant and is a public accommodation required by law to comply with the ADA and ADAAG.

## FACTUAL ALLEGATIONS AND CLAIM

**10.** Plaintiff was recently visiting his Aunt. During this time, he visited the Subject Premises hotel and on or about June 12, 2023 and on or about July 10, 2023, booked a room on both occasions, and accessed, to the extent possible, or attempted to access the Subject Premises and specific areas of the Subject Premises as described herein.

**11.** While visiting the Subject Premises, Plaintiff personally encountered or observed several barriers to access in violation of the ADA and ADAAG as detailed further herein at Paragraph 15.  As a result, the Plaintiff has been denied access to the Subject Premises and full and equal enjoyment of the goods and services offered therein because of his disability and will continue to be denied such access as a result of those barriers.  Further, Plaintiff endured the frustration, difficulty, and embarrassment or encountering and/or observing those barriers to access.

**12.**     Said barriers to access at the Subject Premises endanger the safety of Plaintiff and all other individuals with disabilities, deny Plaintiff and others with disabilities equal access to the Subject Premises as to that of able-bodied persons, and causes social embarrassment due to the difficulties and frustration of encountering such barriers to access—a social embarrassment that would not occur if the Subject Premises was in compliance with the ADA and ADAAG.

**13.**     In encountering the barriers to access at the Subject Premises, and suffering the resulting discrimination, endangerment, and embarrassment—the Plaintiff sustained a lawful injury-in-fact pursuant to the ADA.

**14.**     Pursuant to the mandates of 42 U.S.C. §12134(a), on September 15, 2010, the Department of Justice, Office of the Attorney General, published revised regulations for Title III of the Americans with Disabilities Act of 1990 in the Federal Register to implement the requirements of the ADA.   Public accommodations were required to conform to these regulations on or before March 15, 2012.[1]

**15.**     A specific, although not exclusive, list of unlawful physical barriers, dangerous conditions and ADA violations which preclude and/or limit Plaintiff's ability (because of his disability) to access the Facility and/or full and equal

---

[1] "Safe Harbor. Elements that have not been altered in existing facilities on or after March 15, 2012, and that comply with the corresponding technical and scoping specification for those elements in the 1991 Standards are not required to be modified in order to comply with the requirements set forth in the 2010 Standards" 28 CFR §36.304(d)(2)(i), however, the violations described herein violate both the 1991 Standards as well as the 2010 Standards.

enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility include:

### Exterior Accessible Routes

i.) The plaintiff had difficulty traversing the passenger loading zone as there is no marked access aisle or signage. Violation: Passenger loading zones shall provide access aisles adjacent to the vehicle pull-up space. Access aisles shall adjoin an accessible route and not overlap the vehicular way, in accordance with §503.3 of the 2010 ADA Standards. Recommendation: Provide a compliant marked access aisle that is adjacent to the vehicle pull-up space. Estimated Cost: $500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §503 and §503.2 of the 2010 ADA Standards. Passenger Loading Zones, Access Aisles.

ii.) The facility does not provide at least one accessible route of travel from the public way and accessible parking spaces to the building entrances they serve making it difficult for the plaintiff to traverse. Violation: At least one accessible route shall be provided within the site from accessible parking spaces and accessible passenger loading zones; public streets and sidewalks; and public transportation stops to the accessible route from a site arrival point to an accessible entrance shall be required as in §206.2.1 of the 2010 ADA Standards. Recommendation: Provide at least one compliant accessible route from the public way and accessible parking spaces to the building entrances they serve in accordance with §206.2.1 of the 2010 ADA Standards. Estimated Cost: $500. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §206.2.1 of the 2010 ADA Standards. Accessible Routes.

iii.) The plaintiff had difficulty traversing the accessible parking due to the ramp protruding into the access aisle. Violation: Curb ramps and the flared sides shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles in accordance with §406.5 of the 2010 ADA Standards. Recommendation: Reconstruct the curb ramp to provide a compliant curb ramp that does not project into the access aisle. Cost: $2,500.00. The removal of this barrier is

readily achievable as this barrier is cited as an example of readily achievable in §406.5 of the 2010 ADA Standards. Passenger Loading Zones, Access Aisles.

**Men's Public Accessible Restroom**

**iv.)**   The toilet compartment stall door is not self-closing making it difficult for the plaintiff to utilize. Violation: The toilet compartment stall door is not self-closing as required by §604.8.1.2 of the 2010 ADA Standards. Recommendation: Provide a compliant toilet compartment stall door with a self-closer as required by §604.8. Estimated Cost: $500.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.8 of the 2010 ADA Standards. Toilet Compartments. Doors.

**v.)**   The plaintiff had difficulty entering and exiting the toilet compartment stall because there are no door pulls on both sides of the stall door. Violation: A door pull complying with §404.2.7 shall be placed on both sides of the door near the latch as required by §604.8.1.2 of the 2010 ADA Standards. Recommendation: Install u-shaped loop handles on both sides of the stall door 34 inches minimum and 48 inches maximum above the finish floor. Estimated Cost: Less than $100.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.8 of the 2010 ADA Standards. Toilet Compartments. Doors.

**vi.)**   The plaintiff had to use caution when utilizing the lavatory due to the drainpipe and water supply lines underneath the lavatory being exposed and in need of insulation. Violation: The drainpipe and water supply lines underneath the lavatory shall be fully insulated to comply with §606.5 of the 2010 ADA Standards. Recommendation: Install insulation around the exposed drain pipe and water supply lines as required. Estimated Cost: Less than $100.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §606 of the 2010 ADA Standards. Lavatories.

**vii.)**   The plaintiff had difficulty utilizing the rear wall grab bar due to the lavatory obstructing the 1 ½ inches of spacing at the end of the grab bar. Violation: The space between the grab bar and projecting objects below and at the ends shall be 1 ½ inches

minimum in accordance with §609.3 and §604.5.2 of the 2010 ADA Standards. Recommendation: Install a new compliant 36-inch-long minimum rear wall grab bar that extends from the centerline of the toilet 12 inches minimum on one side and 24 inches minimum on the other side. Estimated Cost: Less than $300.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §609.3 and §604.5.2 of the 2010 ADA Standards. Lavatories.

viii.) The toilet's rear wall grab bar is not in the compliant location making it difficult for the plaintiff to transfer onto the seat. Violation: Grab bars shall comply with 609. A side-wall grab bar complying with §604.5.1 shall be provided and shall be located on the wall closest to the water closet. In addition, a rear-wall grab bar complying with §604.5.2 shall be provided, in violation of §604.8.1.5 of the 2010 ADA Standards. Recommendation: Install a new rear wall grab bar in the compliant location on the rear wall as required. Estimated Cost: $300. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.5 of the 2010 ADA Standards. Grab Bars.

ix.) The side wall grab bar is not located 12 inches maximum from the rear wall and does not extend 54 inches minimum from the rear wall as required making it difficult for the plaintiff to transfer to the seat. Violation: The side wall grab bar shall be 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall as required by §604.5.1 of the 2010 ADA Standards. Recommendation: Remove and reinstall the existing grab bar in accordance with §604.5.1 of the 2010 ADA Standards. Estimated Cost: $300. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.5 and §609 of the 2010 ADA Standards. Grab Bars. Side-wall.

x.) The toilet paper dispenser is not in the compliant location 7 inches minimum and 9 inches maximum from the front rim of the toilet to the centerline of the dispenser making it difficult for the plaintiff to utilize. Violation: The toilet paper dispenser shall be located 7 inches minimum and 9 inches maximum in front of the water closet measured to the centerline of the dispenser as required by §604.7 of the 2010 ADA Standards. Recommendation: Install a compliant toilet paper dispenser

as required by §604.7.  Estimated Cost: $150.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.7 of the 2010 ADA Standards. Dispensers.

**xi.)** The trash receptacle is obstructing the water closets required 60 inches of clear floor space measured perpendicular from the side wall making it difficult for the plaintiff to utilize. Violation: The clearance around a water closet shall be 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall as required in §604.3.1 of the 2010 ADA Standards. Recommendation: Remove or relocate the trash receptacle from within the toilet room to provide compliant clearance around the water closet as required in §604.3.1 of the 2010 ADA Standards. Estimated Cost: $25.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.3.1 of the 2010 ADA Standards. Water Closets. Size.

**xii.)** The coat hook exceeds the maximum height allowance of 48 inches above the finish floor making it difficult for the plaintiff to reach. Violation: The coat hook shall be located within one of the reach ranges complying with §308.2 and §308.3 as required in §604.8.3 of the 2010 ADA Standards. Recommendation: Install a new coat hook at the compliant height not to exceed the maximum requirement of 48 inches above the finish floor. Estimated Cost: Less than $100.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.8.3 of the 2010 ADA Standards. Toilet Compartments.

**xiii.)** The restroom door threshold exceeds the maximum vertical change in level of ½ inch making it difficult for the plaintiff to traverse into the bathroom. Violation: Thresholds at doorways shall be 1/2-inch-high maximum as required by §404.2.5 of the 2010 ADA Standards. Raised thresholds and changes in level at doorways shall comply with §302 and §303. Recommendation: Provide a smooth and level threshold that does not exceed ½ inch maximum vertical height. Estimated Cost: 500.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §404.2.4.5 and §303 of the 2010 ADA Standards. Thresholds at Doorways, Changes in Level.

xiv.) The lavatory obstructs the 18 inches of latch side clearance parallel to the doorway as required making it difficult for the plaintiff to exit the restroom. Violation: Swinging doors and gates shall have maneuvering clearances complying with §404.2.4.1 of the 2010 ADA Standards. Recommendation: Remove the lavatory to provide the compliant 18 inches of latch side maneuvering clearance parallel to the doorway. Estimated Cost: $1,000.00. The removal of this barrier is readily available as this barrier is cited as an example of readily achievable in §404.2.4 of the 2010 ADA Standards. Maneuvering Clearances at Manual Swinging doors and Gates.

xv.) The cabinet type lavatory obstructs the required knee and toe clearance making it difficult for the plaintiff to utilize. Violation: A clear floor space complying with §305, positioned for a forward approach, and knee and toe clearance with §306 shall be provided as required in §606.2, §306.2, and §306.3 of the 2010 ADA Standards. Recommendation: Provide a lavatory with compliant clear floor space positioned for a forward approach with knee and toe clearance as required by §606.2, §306.2, and §306.3. Estimated Cost: $1,000. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §606.2, §306.2, and §306.3 of the 2010 ADA Standards. Lavatories and Sinks, Clear Floor Space, and Knee Clearance.

xvi.) The mirror exceeds the maximum height requirement of 40 inches above the finish floor making it difficult for the plaintiff to utilize. Violation: Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches maximum above the finish floor or ground in accordance with §603.3 of the 2010 ADA Standards. Recommendation: Relocate or install a new mirror at the compliant height, not to exceed 40 inches above the finish floor to the bottom edge of the reflecting surface as required by §603.3. Estimated Cost: $250. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §603.3 of the 2010 ADA Standards. Toilets and Bathing Rooms.

xvii.) The paper towel dispenser and soap dispensers operating mechanisms are located above the maximum reach range allowance of 48 inches above the finish floor making it difficult for the plaintiff to utilize. Violation: If soap and towel

dispensers are provided, they must be located within the reach ranges specified in §308 as required by §606.1 of the 2010 ADA Standards. Recommendation: Remove or relocate the paper towel dispenser and the soap dispenser to be 48 inches maximum above the finish floor in accordance with the compliant reach ranges in §308 of the 2010 ADA Standards. Estimated Cost: $150.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §308.2.1 of the 2010 ADA Standards. Lavatories. General. Dispensers. Reach Ranges.

**xviii.)**     toilets rear wall grab bar is missing making it difficult for the plaintiff to utilize. Violation: The rear wall grab bar shall be 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side as required by §604.5.2 of the 2010 ADA Standards. Recommendation: Provide a new compliant rear wall grab bar in the compliant location as required by 604.5.2 of the 2010 ADA Standards. Estimated Cost: $300.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.5.2 of the 2010 ADA Standards. Grab Bars. Rear Wall.

**xix.)** The toilets side wall grab bar is missing making it difficult for the plaintiff to transfer to the seat. Violation: The side wall grab bar shall be 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall as required by §604.5.1 of the 2010 ADA Standards. Recommendation: Provide a new compliant side wall grab bar in accordance with §604.5.1 of the 2010 ADA Standards. Estimated Cost: $300. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.5 and §609 of the 2010 ADA Standards. Grab Bars. Side-wall.

**xx.)** The floor drain is set too low creating a change in level that exceeds ¼ inch making it difficult for the plaintiff to maneuver. Violation: Floor ground surfaces of turning spaces shall comply with §302 changes are not permitted in accordance with §304.2 and §304.3.1 of the 2010 ADA Standards. Recommendation: Resurface the floor drain area to provide a smooth even surface required by §304.2 of the 2010 ADA Standards. Estimated Cost: $500.00.  The removal of

this barrier is readily achievable as this barrier is cited as an example of readily achievable in §302, §304.2 and §305.2 of the 2010 ADA Standards. Floor and Ground Surfaces. Turning Space.

## Fitness Room

**xxi.)** The fitness room door threshold exceeds the maximum vertical change in level of ½ inch making it difficult for the plaintiff to traverse into the bathroom. Violation: Thresholds at doorways shall be 1/2-inch-high maximum as required by §404.2.5 of the 2010 ADA Standards. Raised thresholds and changes in level at doorways shall comply with §302 and §303. Recommendation: Provide a lower threshold not to exceed the ½ inch maximum allowance. Estimated Cost: 500.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §404.2.4.5 and §303 of the 2010 ADA Standards. Thresholds at Doorways, Changes in Level.

## Accessible Guestroom 155

**xxii.)** Violation: The Hotel does not provide the required amount of compliant accessible guest rooms with mobility features and the accessible rooms are not dispersed among the various classes of accommodations, in violation of section §224.2 of the 2010 ADA Standards, whose resolution is readily achievable. Recommendation: Provide the required number of guestrooms with mobility and communication features complying with §806.2 shall be provided in accordance with the table in §224.2. Estimated Cost: $25,000.00 each room. Transient Lodging Guestrooms.The guestroom door threshold exceeds the maximum vertical change in level of ½ inch making it difficult for the plaintiff to traverse into the bathroom. Violation: Thresholds at doorways shall be 1/2-inch-high maximum as required by §404.2.5 of the 2010 ADA Standards. Raised thresholds and changes in level at doorways shall comply with §302 and §303. Recommendation: Provide a lower threshold not to exceed the ½ inch maximum allowance. Estimated Cost: 500.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §404.2.4.5 and §303 of the 2010 ADA Standards. Thresholds at Doorways, Changes in Level.

**xxiii.)**　　The plaintiff had difficulty using the people on the entry door because an additional lowered peep hole was not provided. Violation: Operable parts on accessible elements, accessible routes, and in accessible rooms and spaces shall comply with §309 of the 2010 ADA Standards; Operable parts shall be within one or more of the reach ranges specified in §308 as required by §309.3 of the 2010 ADA Standards. Recommendation: Provide an additional peephole at the compliant height not to exceed 48 inches above the finish floor. Estimated Cost: Less than $150.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §309 and §308 of the 2010 ADA Standards. Operable Parts, Height, Reach Range.

**xxiv.)**　　The coat hook exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to reach. Violation: The coat hook shall be located within one of the reach ranges complying with §308.2 and §308.3 as required in §604.8.3 of the 2010 ADA Standards. Recommendation: Install a new coat hook at the compliant height not to exceed the maximum requirement of 48 inches above the finish floor. Estimated Cost: Less than $100.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.8.3 of the 2010 ADA Standards. Toilet Compartments.

**xxv.)** The iron exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to reach. Violation: Storage elements shall comply with at least one of the reach ranges specified in §308 as required by §811.3 of the 2010 ADA Standards. Recommendation: Relocate the iron to a compliant height not to exceed 48 inches above the finish floor and minimum height of 15 inches from the finished floor as required by §308. Estimated Cost: $100.00 The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §811.3 and §308 of the 2010 ADA Standards. Storage. Height. Reach Ranges.

**xxvi.)**　　The roll-in type shower has a built-up curb ramp that exceeds the maximum slope allowance of 8.33% making it difficult for the plaintiff to traverse. Violation: Thresholds in roll-in type shower compartments shall be ½ inch high maximum in accordance with §303, §406.1, and §608.7 of the 2010 ADA Standards. Recommendation: Remove the curb

ramp and create a smooth transition not to exceed ¼ inch in height in accordance with §608.7 of the 2010 ADA Standards. Estimated Cost: $2,500.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §303 and §608.7 of the 2010 ADA Standards. Changes in Level. Curb Ramps. Thresholds.

**xxvii.)**     The standard roll-in shower does not provide a permanent folding seat making it difficult for the plaintiff to utilize. Violation: A folding seat shall be provided in standard roll-in type showers as required in transient lodging complying with §806.2 as required by §608.4 of the 2010 ADA Standards. Recommendation: Install a permanent folding seat complying with §610 in the compliant location for a standard roll-in type shower compartment as required by §608.4 of the 2010 ADA Standards. Estimated Cost: $750.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §608.4 of the 2010 ADA Standards. Shower Compartments. Seats.

**xxviii.)**     The controls for the standard roll-in type shower compartment are not in the compliant location on the back wall adjacent to the seat where a permanent folding seat is required in transient lodging making it difficult for the plaintiff to utilize. Violation: In standard roll-in shower compartments, the controls, faucets, and shower spray unit shall be installed on the back wall adjacent to the seat wall and shall be located 27 inches maximum from the seat, above the grab bar, but no higher than 48 inches above the shower floor as required by §608.5.2 of the 2010 ADA Standards. Recommendation: Remove and install the shower controls, faucets, and shower spray unit in the compliant location on the back wall of the standard roll-in type shower where a permanent folding seat is required in transient lodging as required by 608.5.2 of the 2010 ADA Standards. Estimated Cost: $3,000.00 The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §608.5.2 of the 2010 ADA Standards. Controls. Standard Roll-In Type Shower Compartments.

**xxix.)**     The roll-in shower does not provide a lowered shower spray unit as required making it difficult for the plaintiff to utilize. Violation: In standard roll-in type shower compartments, the controls, faucets, and shower spray unit

shall be located above the grab bar, but no higher than 48 inches above the shower floor in accordance with §608.5.2 and §607.6 a shower spray unit with a hose 59 inches long minimum that can be used both as a fixed-position shower head and as a hand-held shall be provided. Recommendation: Provide a lowered shower spray unit with an on/off control with a non-positive shut-off as required in §607.6 and §608.5.2 of the 2010 ADA Standards. Estimated Cost: $1,250.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §607.6 of the 2010 ADA Standards. Plumbing Elements, Shower Spray Unit and Water.

**xxx.)** The cabinet type lavatory obstructs the required knee clearance making it difficult for the plaintiff to utilize. Violation: A clear floor space complying with §305, positioned for a forward approach, and knee clearance with §306 shall be provided as required in §606.2 and §306.3 of the 2010 ADA Standards. Recommendation: Provide a lavatory with compliant clear floor space positioned for a forward approach with knee clearance as required by §606.2 and §306.3. Estimated Cost: $1,000. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §606.2 and §306.3 of the 2010 ADA Standards. Lavatories and Sinks, Clear Floor Space, and Knee Clearance.

**xxxi.)** The lavatory is obstructing the water closets required 60 inches of clear floor space measured perpendicular from the side wall making it difficult for the plaintiff to utilize. Violation: The clearance around a water closet shall be 60 inches minimum measured perpendicular from the side wall and 56 inches minimum measured perpendicular from the rear wall as required in §604.3.1 of the 2010 ADA Standards. Recommendation: Reconfigure to remediate the toilet room to provide compliant clearance around the water closet as required in §604.3.1 of the 2010 ADA Standards. Estimated Cost: $5,000.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.3.1 of the 2010 ADA Standards. Water Closets. Size.

**xxxii.)** The toilet obstructs the roll-in showers clearance making it difficult for the plaintiff to transfer. Violation: A 30 inch wide minimum by 60-inch-long minimum clearance shall

be provided adjacent to the open face of the shower compartment as required in §608.2.2.1 of the 2010 ADA Standards. Recommendation: Reconfigure and remodel the restroom to provide the required clear floor space at the shower entry required by §608.2.2.1. Estimated Cost: $2,500.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §608.2.2.1 of the 2010 ADA Standards. Plumbing Elements. Clearance.

xxxiii.) The toilet does not provide a rear wall grab bar making it difficult for the plaintiff to utilize. Violation: The rear wall grab bar shall be 36 inches long minimum and extend from the centerline of the water closet 12 inches minimum on one side and 24 inches minimum on the other side as required by §604.5.2 of the 2010 ADA Standards. Recommendation: Provide a new compliant rear wall grab bar in the compliant location as required by 604.5.2 of the 2010 ADA Standards. Estimated Cost: $300.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.5.2 of the 2010 ADA Standards. Grab Bars. Rear Wall.

xxxiv.) The toilet does not provide a side wall grab bar making it difficult for the plaintiff to transfer to the seat. Violation: The side wall grab bar shall be 42 inches long minimum, located 12 inches maximum from the rear wall and extending 54 inches minimum from the rear wall as required by §604.5.1 of the 2010 ADA Standards. Recommendation: Provide a new compliant side wall grab bar in accordance with §604.5.1 of the 2010 ADA Standards. Estimated Cost: $300. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.5 and §609 of the 2010 ADA Standards. Grab Bars. Side-wall.

xxxv.) The toilet paper dispenser is not in the compliant location 7 inches minimum and 9 inches maximum from the front rim of the toilet to the centerline of the dispenser making it difficult for the plaintiff to utilize. Violation: The toilet paper dispenser shall comply with §309.4 and shall be 7 inches minimum and 9 inches maximum in front of the water closet measured from the centerline of the dispenser as required by §604.7 of the 2010 ADA Standards. Recommendation: Install the toilet paper dispenser in the compliant location as

required by §604.7. Estimated Cost: $150.00 The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §604.7 of the 2010 ADA Standards. Dispensers.

xxxvi.)      The towel shelf is mounted above the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to reach. Violation: In toilet and bathing rooms coat hooks shall be located within one of the reach ranges specified in §308 as required by §603.4 of the 2010 ADA Standards. Recommendation: Provide a lowered towel shelf at the compliant height not to exceed the maximum height requirement of 48 inches above the finish floor. Estimated Cost: $50.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §603.4 and §308 of the 2010 ADA Standards. Coat Hooks and Shelves, Reach Ranges.

xxxvii.)      The mirror exceeds the maximum height requirement of 40 inches above the finish floor making it difficult for the plaintiff to utilize. Violation: Mirrors located above lavatories or countertops shall be installed with the bottom edge of the reflecting surface 40 inches maximum above the finish floor or ground in accordance with §603.3 of the 2010 ADA Standards. Recommendation: Relocate or install a new mirror at the compliant height, not to exceed 40 inches above the finish floor to the bottom edge of the reflecting surface as required by §603.3. Estimated Cost: $250. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §603.3 of the 2010 ADA Standards. Toilets and Bathing Rooms

xxxviii.)      The soap dispensers operating mechanism exceeds the maximum height requirement of 48 inches above the finish floor making it difficult for the plaintiff to reach. Violation: The soap dispenser shall be located within one of the reach ranges complying with §308.2 and §308.3 of the 2010 ADA Standards. Recommendation: Install a new soap dispenser at the compliant height not to exceed the maximum requirement of 48 inches above the finish floor. Estimated Cost: Less than $100.00. The removal of this barrier is readily achievable as this barrier is cited as an example of readily achievable in §308 of the 2010 ADA Standards. Toilet Compartments.

**16.**     The above listing is not to be considered all-inclusive of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Facility, as there are likely additional barriers to access that were concealed due to the abundant barriers to access encountered by Plaintiff during his stays at the Defendants hotel and Subject Premises. Plaintiff requires an inspection of the Facility in order to photograph, measure and determine all of the discriminatory acts violating the ADA.

**17.**     The removal of the physical barriers and dangerous conditions and ADA violations set forth herein is readily achievable and can be accomplished and carried out without much difficulty or expense pursuant to 42 U.S.C. § 12182(B)(2)(A)(iv); 42 U.S.C. § 12181(9); and 28 C.F.R, § 36.304.

**18.**     The ADA defines "readily achievable" as "easily accomplishable and without much difficult or expenses."42 U.S.C. §12181(9) Congress included in the ADA factors to be considered in evaluating whether removal of a barrier is "readily achievable." These factors are (1) nature and cost of the action; (2) overall financial resources of the facility or facilities involved; (3) number of persons employed at such facility; (4) effect on expenses and resources; (5) impact of such action upon the operation of the facility; (6) overall financial resources of the covered entity; (7) overall size of the business of a covered entity; (8) the number, type, and location of its facilities; (9) type of operation or operations of the covered entity, including composition, structure, and functions of the workforce of such entity, and (10)geographic separateness, administrative

or fiscal relationship of the facility or facilities in question to the covered entity. Garthright-Dietrich v. Atlanta Landmarks, Inc., 452 F. 3d 1269, 1272-73 (11th Cir. 2006).

**19.**    The obligation to engage in readily achievable barrier removal is a continuing one. Over time, barrier removal that initially was not readily achievable may later be required because of changed circumstances. DOJ ADA Title III Technical Assistance Manual, Section III-4.4400 Continuing obligation.

**20.**    Because, *inter alia,* this facility was designed, constructed, and received its State Licensure on December 31, 2015, Plaintiff asserts that said ADA violations are intentional in nature and will not be corrected absent Court intervention, thus exacerbating the intentional legal harm and injury to which Plaintiff has been and will continue to be subjected in the future.

**21.**    Plaintiff will undoubtedly return to the Subject Premises once the barriers to access have been remediated—not only to avail himself of the goods and services available at the Subject Premises, but to confirm and assure himself that the Subject Premises has been brought into compliance with the ADA and *maintained* in compliance with the ADA so that Plaintiff and other persons with disabilities will have equal access to the Subject Premises without fear of discrimination, endangerment of their safety, or social and public embarrassment.

**22.**    Independent of his personal desire to access this place of public accommodation as required by law, Plaintiff is an advocate of the rights of

similarly situated persons with disabilities and an advocate for asserting his own civil rights. However, Plaintiff is deterred from returning to the Subject Premises as long as the Defendant continues to operate the Subject Premises in violation of the ADA and ADAAG.

**23.** Plaintiff has a realistic, credible, and continuing threat of discrimination by the Defendant as long as the Subject Premises remains in non-compliance with the ADA.

**24.** Plaintiff's travel includes frequent visits to Florida (several times a year). In further detail, Plaintiff visited the following areas in Florida during the following dates/times:

       **a.** Coral Springs, FL on or about March 26, 2021,

       **b.** Pompano Beach, FL on or about March 28, 2021,

       **c.** West Palm Beach, FL on or about June 30, 2021,

       **d.** Miami Beach, FL on or about July 15, 2021,

       **e.** Jacksonville, FL on or about September 14, 2021,

       **f.** Weston, FL on or about September 16, 2021,

       **g.** Deerfield Beach, FL on or about September 17, 2021,

       **h.** Weston, FL on or about October 10, 2021,

       **i.** Sunrise, FL on or about October 11, 2021,

       **j.** Orlando, FL on or about March 5, 2022,

       **k.** Titusville, FL on or about July 9, 2022,

       **l.** Orlando, FL on or about July 21, 2022,

**m.** Pompano Beach, FL on or about July 22, 2022,

**n.** Boca Raton, FL on or about July 23, 2022,

**o.** Stuart, FL on or about July 25, 2022,

**p.** Boca Raton, FL on or about September 1, 2022,

**q.** Margate, FL on or about January 5, 2023

**r.** Ft. Lauderdale, FL on or about January 6, 2023,

**s.** Pembroke Pines, FL on or about January 6, 2023,

**t.** Coral Springs, FL on or about January 7, 2023,

**u.** Plantation, FL on or about January 7, 2023,

**v.** Weston, FL on or about January 8, 2023,

**w.** Pompano Beach, FL on or about June 14, 2023,

**x.** Ft. Lauderdale, FL on or about July 12, 2023, and

**y.** Pompano Beach, FL on or about July 12, 2023.

**25.** Defendant have discriminated against Plaintiff and others with disabilities by denying access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Facility, as prohibited by 42 U.S.C., § 12182, *et. seq.*, and by failing to remove architectural barriers as required by 42 U.S.C., § 12182(b)(2)(A)(iv) and will continue to discriminate against Plaintiff and others with disabilities unless and until Defendant are compelled to remove all physical barriers that exist at the Facility, including those specifically set forth herein, and make the Facility accessible to and usable by persons with disabilities, including Plaintiff.

**26.**    Plaintiff has suffered and continues to suffer direct and indirect injury as a result of the ADA violations that exist at the Subject Premises and the actions or inactions described herein.

**27.**    Plaintiff is without adequate remedy at law and is suffering irreparable harm, and reasonably anticipates that he will continue to suffer irreparable harm unless and until Defendant are required to remove the physical barriers, dangerous conditions and ADA violations that exist at the Facility, including those set forth herein.

**28.**    Plaintiff has been obligated to retain undersigned counsel for the filing and prosecution of this action. The Plaintiff is entitled to have his reasonable attorney's fees, costs and expenses paid by the Defendant, pursuant to 42 U.S.C., §§ 12205 and 12217.

**29.**    Pursuant to 42 U.S.C. §12188(a), this Court is provided with authority to grant injunctive relief to Plaintiff, including an order to alter the subject Facility to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA, and closing the subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff respectfully requests that the Court issue a permanent injunction enjoining Defendant from continuing is discriminatory practices, ordering Defendant to remove the physical barriers to access and alter the subject Facility to make it readily accessible  to and useable by individuals with disabilities to the extent required by the ADA, closing the subject Facility

until the barriers are removed and requisite alterations are completed, and awarding Plaintiff his reasonable attorney's fees, expert fees, costs and litigation expenses incurred in this action.

Respectfully submitted,

s/ Lauren N. Wassenberg
Lauren N. Wassenberg, Esq. (FBN: 34083)
　　　*Attorney for Plaintiff*
Lauren N. Wassenberg & Associates, P.A.
33 SE 4th St., Ste. 100
Boca Raton, Florida 33432
(561) 571-0646
WassenbergL@gmail.com

s/ Glenn R. Goldstein
Glenn R. Goldstein, Esq. (FBN: 55873)
　　　*Attorney for Plaintiff*
Glenn R. Goldstein & Associates, PLLC
8101 Biscayne Blvd., Ste. 504
Miami, Florida 33138
(561) 573-2106
GGoldstein@G2Legal.net